IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jacob Chykirda, IV, ) | C/A No. 0:18-1051-TMC-PJG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Nancy A. Berryhill, Acting Commissioner of ) | |
| Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This social security matter is before the court for a Report and Recommendation pursuant to Local Civil Rule 83.VII.02 (D.S.C.). The plaintiff, Jacob Chykirda, IV, brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of a final decision of the defendant, Acting Commissioner of Social Security ("Commissioner"), denying his claims for Disability Insurance Benefits ("DIB"). Having carefully considered the parties' submissions and the applicable law, the court concludes that the Commissioner's decision should be affirmed.

## SOCIAL SECURITY DISABILITY GENERALLY

Under 42 U.S.C. § 423(d)(1)(A) and (d)(5), as well as pursuant to the regulations formulated by the Commissioner, the plaintiff has the burden of proving disability, which is defined as an "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a); see also Blalock v. Richardson, 483 F.2d 773 (4th Cir. 1973). The regulations require the Administrative Law Judge ("ALJ") to consider, in sequence:

(1) whether the claimant is engaged in substantial gainful activity;

(2) whether the claimant has a "severe" impairment;

(3) whether the claimant has an impairment that meets or equals the requirements of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings"), and is thus presumptively disabled;

(4) whether the claimant can perform him past relevant work; and

(5) whether the claimant's impairments prevent him from doing any other kind of work.

20 C.F.R. § 404.1520(a)(4).[1] If the ALJ can make a determination that a claimant is or is not disabled at any point in this process, review does not proceed to the next step. Id.

Under this analysis, a claimant has the initial burden of showing that he is unable to return to his past relevant work because of his impairments. Once the claimant establishes a *prima facie* case of disability, the burden shifts to the Commissioner. To satisfy this burden, the Commissioner must establish that the claimant has the residual functional capacity, considering the claimant's age, education, work experience, and impairments, to perform alternative jobs that exist in the national economy. 42 U.S.C. § 423(d)(2)(A); see also McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983); Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir. 1981); Wilson v. Califano, 617 F.2d 1050, 1053 (4th Cir. 1980). The Commissioner may carry this burden by obtaining testimony from a vocational expert. Grant v. Schweiker, 699 F.2d 189, 192 (4th Cir. 1983).

## ADMINISTRATIVE PROCEEDINGS

In March 2015, Chykirda applied for DIB, alleging disability beginning March 13, 2014. Chykirda's application was denied initially and upon reconsideration, and he requested a hearing

---

[1] The court observes that effective August 24, 2012, ALJs may engage in an expedited process which permits the ALJs to bypass the fourth step of the sequential process under certain circumstances. 20 C.F.R. § 404.1520(h).



before an ALJ. A hearing was held on July 20, 2017, at which Chykirda appeared and testified and was represented by Luther D. Pearsall, Esquire. After hearing testimony from a vocational expert, the ALJ issued a decision on October 16, 2017 finding that Chykirda was not disabled from March 13, 2014 through the date of the decision. (Tr. 66-77.)

Chykirda was born in 1971 and was forty-two years old on his alleged disability onset date. He has a General Education Diploma ("GED") and has past relevant work experience as a truck driver. (Tr. 75, 351.) Chykirda alleged disability due to status post multilevel spinal fusion L4-L5 and L5-S1, depression, anxiety, and memory loss. (Tr. 350.)

In applying the five-step sequential process, the ALJ found that Chykirda had not engaged in substantial gainful activity since his alleged onset date of March 13, 2014. The ALJ determined that Chykirda's lumbar degenerative disc disease ("DDD") status post L4-5 and L5-S1 anterior lumbar interbody fusion ("ALIF") were severe impairments. However, the ALJ found that Chykirda had not had an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 ("the Listings"). The ALJ found, after consideration of the entire record, that Chykirda retained the residual functional capacity to "perform sedentary work[] as defined in 20 CFR 404.1567(a) except that he can never climb ladders, ropes, or scaffolds. He can perform other postural activities occasionally. He must avoid all exposure to unprotected heights. The claimant can have no direct exposure to high concentrations of vibrations and no exposure to extremes of cold." (Tr. 70.) The ALJ found that Chykirda was unable to perform any past relevant work, but that considering Chykirda's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that Chykirda could perform. Therefore, the ALJ found

PJG

that Chykirda had not been disabled from the alleged onset date of March 13, 2014 through the date of the decision.

The Appeals Council denied Chykirda's request for review on February 27, 2018, making the decision of the ALJ the final action of the Commissioner. (Tr. 1-5.) This action followed.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), the court may review the Commissioner's denial of benefits. However, this review is limited to considering whether the Commissioner's findings "are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); see also 42 U.S.C. § 405(g); Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). Thus, the court may review only whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. See Brown v. Comm'r Soc. Sec. Admin., 873 F.3d 251, 267 (4th Cir. 2017); Myers v. Califano, 611 F.2d 980, 982 (4th Cir. 1980). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Craig, 76 F.3d at 589; see also Pearson v. Colvin, 810 F.3d 204, 207 (4th Cir. 2015). In reviewing the evidence, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Craig, 76 F.3d at 589; see also Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012). Accordingly, even if the court disagrees with the Commissioner's decision, the court must uphold it if it is supported by substantial evidence. Blalock, 483 F.2d at 775.

PJG

**ISSUE**

Chykirda raises the following issue for this judicial review: "The ALJ's decision to give little weight to the opinion of treating physician, Dr. Christopher Merrell, is not supported by substantial evidence." (Pl.'s Br., ECF No. 13.)

**DISCUSSION**[2]

Chykirda argues that the ALJ erred in discounting the opinion from Dr. Merrell, Chykirda's treating physician. The law applicable to Chykirda's application provides that regardless of the source, the Commissioner will evaluate every medical opinion received. 20 C.F.R. § 404.1527(c). Typically, the Social Security Administration accords greater weight to the opinion of treating medical sources because treating physicians are best able to provide "a detailed, longitudinal picture" of a claimant's alleged disability. See id. However, "the rule does not require that the testimony be given controlling weight." Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992) (*per curiam*). Instead, a treating physician's opinion is evaluated and weighed "pursuant to the following non-exclusive list: (1) whether the physician has examined the applicant, (2) the treatment relationship between the physician and the applicant, (3) the supportability of the physician's opinion, (4) the consistency of the opinion with the record, and (5) whether the physician is a specialist." Johnson v. Barnhart, 434 F.3d 650, 654 (4th Cir. 2005) (citing 20 C.F.R. § 404.1527). Any other factors that may support or contradict the opinion should also be considered. 20 C.F.R.

---

[2] The court notes that numerous social security regulations and social security rulings (SSRs) have changed effective March 27, 2017. However, these changes specifically state that they are applicable to claims filed on or after March 27, 2017. See, e.g., 20 C.F.R. §§ 404.1513, 404.1527. Because the instant claim was filed prior to that date, all references in the instant Report and Recommendation are to the versions of the regulations which were in effect at the time Chykirda's application for benefits was filed, unless otherwise specified.



§ 404.1527(c)(6). In the face of "persuasive contrary evidence," the ALJ has the discretion to accord less than controlling weight to such an opinion. Mastro v. Apfel, 270 F.3d 171, 178 (4th Cir. 2001). Further, "if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." Id. (quoting Craig, 76 F.3d at 590).

> With regard to Dr. Merrell's opinions, the ALJ found as follows:
>
> The undersigned reviewed the preprinted physical capacities evaluation, which Dr. Merrell completed on February 3, 2016. Dr. Merrell reported that the claimant could do no postural activities, but that he could occasionally reach above his head. The claimant could occasionally lift/carry up to 20 pounds. According to Dr. Merrell, the claimant's pain and medication side effects precluded the attention and concentration required for even simple, unskilled work tasks. Despite reporting that the claimant could do no postural activities he said that the claimant could use both feet repetitively to operate foot controls. Dr. Merrell reported that the claimant would need to alternate at will between sitting and standing throughout the day, while noting that the claimant could sit for 6 or more hours in an 8-hour workday and stand/walk for less than 1 (Exhibit 12F).
>
> Little weight is accorded to Dr. Merrell's opinion as his opinion does not adequately consider adverse objective findings. For example, he examined the claimant on February 8, 2016, and again documented that the claimant had full lower extremity strength and a negative straight leg raise bilaterally. The claimant was in no acute distress, despite reporting that his pain was a "10" out of a scale of 10. His mood and affect were normal. Dr. Merrell reported that the claimant could not "contribute meaningfully" to the workforce and increased his dosage of Oxycontin. The claimant was also taking Oxycodone and a muscle relaxer. He informed Dr. Merrell that he had pain after walking a block or two (Exhibit 13F).
> . . . .
> Some weight is accorded to Dr. Merrell's opinion dated June 30, 2014, with regard to the claimant not being able to return to his work as a truck driver. However, no weight is accorded to his statement dated February 8, 2016, that the claimant could not "contribute meaningfully" to the workforce, as it is inconsistent with the claimant's vast array of activities, unsupported by objective findings, and is an issue reserved to the Commissioner. For example, on that day the claimant was assessed as having full strength in his lower extremities and a negative straight leg raise bilaterally. He was noted to be in no acute distress. His Oxycontin was, nonetheless, refilled. Furthermore, Dr. Merrell's opinion appears overly reliant upon the

claimant's self-report of pain symptoms and does not take into consideration the consistent findings of the claimant's full strength, his negative straight leg raise bilaterally, and only mild reduced lumbar range of motion limitations. While, there is some discussion of spasm, it does not appear to be a consistent clinical finding (Exhibit 5F/31, 13F/4, 14F).

(Tr. 72-73, 74-75.)

Chykirda argues that the ALJ failed to consider that within the same records indicating full strength and a negative straight leg raise bilaterally, Chykirda reported pain, leg weakness, and spasms with prolonged sitting or standing. Chykirda also argues that the ALJ failed to considered findings of tenderness and decreased sensation in the lower thigh, knee, and right medial leg; a positive femoral nerve traction; and a referral to see if further surgery was warranted. However, many of these are Chykirda's subjective reports, not objective medical findings. Moreover, the ALJ later found that Dr. Merrell's opinion appeared to be overly reliant on Chykirda's subjective reports without considering the objective findings to the contrary.

Chykirda also contends that the ALJ failed to address Dr. Merrell's opinion that Chykirda's medication would impact his concentration and attention. However, the ALJ specifically observed this opinion from Dr. Merrell, and found the opinion as a whole was entitled to little weight. Moreover, Chykirda has not directed the court to any evidence supporting such a limitation, and in fact, as pointed out by the Commissioner, the mental consultative examiner found that Chykirda was able to understand and carry out simple instructions without difficulty during the examination and that Chykirda's concentration and memory for simple tasks was adequate; however, the examiner found that Chykirda may have difficulty with more complex instructions.

Finally, Chykirda asserts that the ALJ improperly "played doctor" by appearing to question Dr. Merrell's continued treatment of Chykirda with pain medications, specifically Oxycontin.

Page 7 of 10

PJG

However, even accepting Chykirda's arguments that the ALJ suggested Dr. Merrell was prescribing unnecessary opioids, the court finds that the ALJ's evaluation of Dr. Merrell's opinions as a whole are within the bounds of substantial evidence. Specifically, upon thorough review of the ALJ's decision and the record, the court concludes that it is clear that the ALJ applied the requisite factors, to the extent they were applicable, in evaluating the opinion evidence, and finds that Chykirda has failed to demonstrate that the ALJ's evaluation of Dr. Merrell's opinions is unsupported by substantial evidence or based on an incorrect application of the law. See 20 C.F.R. § 404.1527(c); Mastro, 270 F.3d at 178 (stating that "if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight") (internal quotation marks and citation omitted); Dunn v. Colvin, 607 F. App'x 264, 267 (4th Cir. 2015) ("An ALJ's determination as to the weight to be assigned to a medical opinion generally will not be disturbed absent some indication that the ALJ has dredged up 'specious inconsistencies,' . . . or has failed to give a sufficient reason for the weight afforded a particular opinion[.]") (internal citations omitted).

Based on the foregoing, Chykirda has failed to demonstrate that the ALJ's conclusions regarding these opinions are unsupported by substantial evidence. Rather, it appears that the ALJ, as part of his duties in weighing the evidence, properly considered these opinions in accordance with the applicable factors and legal authority. See Craig, 76 F.3d at 589 (stating that the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]"); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990) (holding that it is the ALJ's responsibility, not the court's, to determine the weight of evidence and resolve conflicts of evidence). Thus, the court finds that Chykirda has not shown that the ALJ's

PJG

decision with regard to the opinion evidence was unsupported by substantial evidence or reached through application of an incorrect legal standard.

**RECOMMENDATION**

For the foregoing reasons, the court finds that Chykirda has not shown that the Commissioner's decision was unsupported by substantial evidence or reached through application of an incorrect legal standard. See Craig, 76 F.3d at 589; see also 42 U.S.C. § 405(g); Coffman, 829 F.2d at 517. The court therefore recommends that the Commissioner's decision be affirmed.

_____

June 17, 2019      Paige J. Gossett
Columbia, South Carolina      UNITED STATES MAGISTRATE JUDGE

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).